IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHYLLIS KISER, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 11-60039 |
| v. | : | |
| | : | Transferred from the Western |
| | : | District of Virginia |
| A.W. CHESTERTON CO., et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                         MARCH 16, 2011

## I.    INTRODUCTION

This is an asbestos personal injury case.  Before the
Court are the Motions to Dismiss of Defendants Trane U.S., Inc.,
SEPCO, Inc., CBS Corp., Georgia-Pacific Corp., Foster Wheeler
Corp., Riley Power, Inc., Goulds Pumps, Inc., Ingersoll-Rand Co.,
John Crane, Inc., Rapid American Corp., General Electric Co.,
Warren Pumps, and Harsco Industrial Patterson Kelley.

Federal jurisdiction in this case is based on diversity
of citizenship under 28 U.S.C. § 1332.  Pursuant to Erie Railroad
Co. v. Tompkins, this Court will apply Virginia substantive law
in deciding Defendants' Motions to Dismiss. 304 U.S. 64 (1938);
see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

An issue that often appears in personal injury asbestos litigation is whether a plaintiff, who brought a suit for a nonmalignant asbestos-relating disease may later bring a second lawsuit if he or she later develops a malignant asbestos-related disease.  Depending on the applicable state law, there are two competing theories on this issue: the separate disease rule, also known as the "two disease" rule, and the indivisible cause of action theory, also known as the "one disease" rule.

Under the separate disease rule, a plaintiff may bring suit for a nonmalignant asbestos-related disease without triggering the statute of limitations for any malignant asbestos-related diseases which may later develop.  Many state courts have adopted the separate disease rule. See Abrams v. Pneumo Abex Corp., 981 A.2d 198, 208 (Pa. 2009) (adopting the "two disease" rule); Anderson v. AC&S, Inc., 797 N.E.2d 537, 544 (Ohio Ct. App. 2003) (internal citations omitted) (noting that under the Federal Employers' Liability Act, asbestosis and mesothelioma are distinct diseases giving rise to separate causes of action); Wagner v. Apex Marine Ship Mgmt. Corp., 100 Cal. Rptr. 2d 533, 536 (Cal. Ct. App. 2000) (recognizing the separate disease rule in a claim brought under the Jones Act).

By contrast, under the indivisible cause of action theory, the statute of limitations for all asbestos-related diseases begins to run at the time of the initial diagnosis or

2

discovery, depending on the jurisdiction, of any asbestos-related disease. See Joyce v. AC&S, Inc., 785 F.2d 1200 (4th Cir. 1986) (applying Virginia law). Therefore, if a plaintiff is diagnosed with or discovers that he or she has a nonmalignant asbestos-related disease, the statute of limitations also begins to run on claims for any malignant disease which may later develop.

The issue here is whether the 1985 amendment to Virginia's statute of limitations, codified at VA. CODE ANN. § 8.01-249(4), overruled Virginia case law which had recognized the indivisible cause of action theory.

## II.   BACKGROUND

The facts in this case are uncontroverted.  In 1988, Orvin Kiser, Sr. was diagnosed with nonmalignant pleural thickening and asbestosis. (Pl.'s Resp., doc. no. 13 at 3.) In April of 1990, Mr. Kiser filed an action against eighteen (18) defendants for his asbestosis claim. (Def.'s Mot. Dismiss, doc. no. 11 at 1.) Those defendants are not parties to the instant case. (Id.) This prior action remained pending in the United States District Court for the Western District of Virginia for twenty (20) years before it was dismissed in July of 2010. (Id. at 2.)

Mr. Kiser was diagnosed with mesothelioma on November 7, 2009. (Pl.'s Resp. at 3.) He passed away on March 30, 2010.

(Def.'s Mot. Dismiss at 2.) Plaintiff Phyllis Kiser

("Plaintiff"), as Executor of the Estate of Mr. Kiser, brought

this wrongful death suit on October 26, 2010, alleging that

various defendants' asbestos-containing products caused

Mr. Kiser's development of mesothelioma. (Def.'s Mot. Dismiss at

1.)

Defendants argue that, pursuant to the indivisible

cause of action theory, Plaintiff's claim is barred by the

statute of limitations in that Plaintiff's cause of action

accrued for all asbestos-related diseases at the time Mr. Kiser

was diagnosed with asbestosis in 1988.  Plaintiff argues that the

1985 amendment to Virginia's statute of limitations, codified at

VA. CODE ANN. § 8.01-249(4), abolished the indivisible cause of

action theory and that a new statute of limitations was triggered

when Mr. Kiser was diagnosed with mesothelioma in 2009.


III.  **DISCUSSION**

A.  <u>Application of Federal Rule of Civil Procedure 12(b)(6)</u>

Typically, the determination of whether a plaintiff's

claim is barred by the statute of limitations involves issues of

fact and therefore, the statute of limitations is normally

addressed at the summary judgment stage or at trial.  In this

case, as the facts are undisputed, this Court may address the

statute of limitations at the motion to dismiss stage under

4

Federal Rule of Civil Procedure 12(b)(6). See Zankel v. Temple University, 245 F. App'x 196, 198 (3d Cir. 2007) (noting that although nothing in Federal Rule of Civil Procedure 12(b) explicitly permits the statute of limitations to be raised as a defense in a motion to dismiss, "the so-called 'Third Circuit' rule" allows a defendant to assert the statute of limitations as a defense in a motion to dismiss if the facts as to the timing of the claim are not in dispute) (citing Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).[1]

B.     History of Virginia's Statute of Limitations in the Asbestos Context

Under VA. CODE ANN. § 8.01-243(A), every action for personal injuries must be brought within two (2) years after the cause of action accrues.  A wrongful death action may be brought if the person injured would have been able to bring their own cause of action if they were still living. See VA. CODE. ANN. §§ 8.01-244(B) & 8.01-50(A).

---

[1]     Whether a statute of limitations may be raised by way of a motion to dismiss is a procedural question under Federal Rule of Civil Procedure 12(b)(6). See King v. E.I. DuPont De Nemours and Co., No. 875, 2010 WL 3419572, at *2 (E.D. Pa. Aug. 25, 2010) (citing Hanna v. Plumer, 380 U.S. 460, 467 (1965)). The MDL transferee court, when applying federal law, is bound by the law of the circuit where it sits, which in this case is the law of the United States Court of Appeals for the Third Circuit. See In re Asbestos Prods. Liability Litig. (No. VI) (Oil Field Cases), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009).

In Locke v. Johns-Manville Corp., the Supreme Court of Virginia addressed when a plaintiff's cause of action for mesothelioma accrued for purposes of the statute of limitations. 275 S.E.2d 900, 901 (Va. 1981). The court cited to the statute of limitations then in effect in Virginia, which provided that "every action for personal injuries, whatever the theory of recovery. . . shall be brought within two years next after the cause of action shall have accrued." Id. at 903 (quoting Va. Code. Ann. § 8.01-243(A) (current version at Va. Code. Ann. § 8.01-244(B)). The statute also provided that, "[i]n every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person. . . ." Locke, 275 S.E.2d at 903 (quoting Va. Code. Ann. § 8.01-243) (repealed 1985). The court held that plaintiff's cause of action did not accrue at the time he last inhaled asbestos, but that

> the cause of action accrued and the statute of
> limitations began to run from the time plaintiff was
> hurt.  The 'time plaintiff was hurt' is to be
> established from available competent evidence, produced
> by a plaintiff or a defendant, that pinpoints the
> precise date of injury with a reasonable degree of
> medical certainty.

275 S.E.2d at 905.

The reasoning in Locke was applied by the United States District Court for the Western District of Virginia in Joyce v.

AC&S, Inc. 591 F. Supp. 449 (W.D. Va. 1984). In Joyce, the

plaintiff was diagnosed with asbestos-related pleural disease in

1970, developed asbestosis and pleural effusions in 1981, and

brought suit in 1983. Id. at 451. The court granted defendants'

motion for summary judgment finding that plaintiff's cause of

action accrued in 1970 and thus was barred by the two (2) year

statute of limitations. Id. at 454. Judge Kiser noted that,

> although I am bound to follow the Virginia law, I am
> also bound by good conscience to express my displeasure
> at the inequity of the rule. The plaintiff in latent
> disease cases are particularly caught in a perilous
> situation unless the application of the statute of
> limitations is applied to each separate disease.

Id.

On appeal,[2] the United States Court of Appeals for the

Fourth Circuit affirmed the decision of the United States

District Court for the Western District of Virginia granting

summary judgment on the basis of the statute of limitations.

---

[2]     The 1985 amendment to Virginia's statute of
limitations, which is discussed below, was enacted prior to the
United States Court of Appeals for the Fourth Circuit's decision
on the appeal of Joyce from the United States District Court for
the Western District of Virginia.  The 1985 amendment, however,
was not applied on appeal in Joyce because the 1985 amendment
does not apply retroactively to exposures which occurred prior to
the enactment of the statute. See In re FELA Asbestos Cases, 646
F. Supp. 610, 612 (W.D. Va. 1985). Notwithstanding that the 1985
amendment does not apply retroactively, in Joyce, Judge Swygert
of the United States Court of Appeals for the Fourth Circuit
referred to the amendment to support his policy argument that the
court should have left the determination of whether Virginia
adheres to the indivisible cause of action theory to the Supreme
Court of Virginia. 785 F.2d at 1209.

Joyce, 785 F.2d at 1214. The court was faced with the issue of

whether the plaintiff's cause of action accrued in 1970, when he

was diagnosed with asbestos-related pleural disease, or in 1981,

when he developed asbestosis and pleural effusions. Id. at 1203.

The court held that,

> [a]lthough this precise issue has not been addressed by
> the Supreme Court of Virginia, we are constrained to
> hold that, given that court's prior decisions and
> adherence to the theory that in an action for personal
> injury, there is but a single, indivisible cause of
> action, Joyce's only cause of action against the
> manufacturers accrued when he first developed pleural
> thickening sometime prior to 1970.

Id. The court noted that "[n]othing in the Locke opinion suggests

that the Supreme Court of Virginia intended to depart from the

indivisible cause of action theory." Id. at 1205 (citing 275

S.E.2d at 906). The court held that, pursuant to Virginia's

indivisible cause of action theory, all of the plaintiff's claims

for his asbestos-related injuries accrued when he was diagnosed

with asbestos-related pleural disease in 1970. 785 F.2d at 1205.

Accordingly, plaintiff's claims for asbestosis and pleural

effusions were barred by the statute of limitations. Id.

In Joyce, Judge Swygert dissented and expressed his

opinion that the issue of whether Virginia adheres to the

indivisible cause of action theory is best left to the Supreme

Court of Virginia. Id. at 1208. Judge Swygert stated that,

> [i]n my view, given the recent trend exhibited in
> Virginia caselaw and the 1985 amendment of the state
> statute of limitations, the position reached by the

8

Virginia high court will be that injuries resulting
from different, discrete diseases caused by asbestos
represent rights of action which mature independently
and trigger statutes of limitations separately.

Id. at 1209.

In 1985, Virginia's General Assembly amended the

statute of limitations to include a specific provision for

asbestos cases.  Under VA. CODE ANN. § 8.01-249(4), the cause of

action accrues

[i]n actions for injury to the person resulting from
exposure to asbestos or products containing asbestos,
when a diagnosis of asbestosis, interstitial fibrosis,
mesothelioma, or other disabling asbestos-related
injury or disease is first communicated to the person
or his agent by a physician.  However, no such action
may be brought more than two years after the death of
such person.

C.    Analysis

The issue, not previously addressed by any federal or

Virginia court,[3] which has been brought to the Court's attention,

is whether the 1985 amendment to Virginia's statute of

limitations, codified at VA. CODE ANN. § 8.01-249(4), had the

---

[3]      At oral argument, Plaintiff submitted the case Wade v.
NorfolK Southern Railway Co. No. CL05-523, 2009 Va. Cir. LEXIS 26
(Va. Cir. Ct. 2009). The plaintiff in Wade brought claims against
his employer under the Federal Employers' Liability Act ("FELA")
and the Locomotive Boiler Inspection Act. Id. at *2. The court
recognized that the separate disease rule "is the rule-of-
decision in FELA mesothelioma cases." Id. at *17. (citing Norfolk
& W. Ry. Co. v. Ayers, 538 U.S. 135 (2003)). The Wade decision
provides little guidance in this case since it was decided under
FELA and did not examine whether Virginia recognizes the separate
disease rule.

effect of abolishing the indivisible cause of action theory and adopting the separate disease rule.

Plaintiff makes two arguments in favor of her position that the 1985 amendment to Virginia's statute of limitations abolished the indivisible cause of action theory. First, Plaintiff argues that the 1985 amendment to Virginia's statute of limitations was passed in response to Joyce, where the United States District Court for the Western District of Virginia criticized the indivisible cause of action theory.[4] (Pl.'s Resp. at 3-4.) Second, Plaintiff argues that either Virginia's General Assembly was aware of what Plaintiff sees as a national trend in favor of adoption of the separate disease rule and embodied this trend when it amended Virginia's statute of limitations in 1985 or, in the alternative, that it is now time for Virginia to follow the national trend and adopt the separate disease rule. Given that this argument is made before a federal court, presumably Plaintiff is asking this Court to predict what the Supreme Court of Virginia would do if faced with this issue.

As to Plaintiff's first argument, that the 1985 amendment to Virginia's statute of limitations intended to replace the indivisible cause of action theory with the separate

---

[4]     Logically, Plaintiff's argument must rely on the United District Court for the Western District of Virginia's decision in Joyce since the United States Court of Appeals for the Fourth Circuit did not decide Joyce until after Virginia's statute of limitations was amended in 1985.

disease rule in response to the United States District Court for the Western District of Virginia's decision in Joyce, while it is true that the 1985 amendment changed Virginia common law, in the Court's view, it did not do so in the manner urged by Plaintiff.

Prior to the 1985 amendment to Virginia's statute of limitations and in accordance with Locke, an asbestos plaintiff, just as any plaintiff in Virginia who asserts a personal injury action, was required to bring that cause of action within two (2) years of the time "plaintiff was hurt."  This time was to be ascertained through evidence produced in court that "pinpoint[ed] the precise date of injury with a reasonable degree of medical certainty." Locke, 275 S.E.2d at 905.

The 1985 amendment to Virginia's statute of limitations carved out an exception to the general rule applied in personal injury actions for plaintiffs with asbestos-related diseases.  In the cases falling within the categories of diseases listed in VA. CODE ANN. § 8.01-249(4), the time "plaintiff was hurt" is now conclusively established as the time that the injury is "is first communicated to [the plaintiff] by a physician."  The statute went on to define the scope of its coverage by limiting its application to personal injury actions stemming from a diagnosis of "asbestosis, interstitial fibrosis, mesothelioma, or other disabling asbestos-related injury or disease." VA. CODE ANN. § 8.01-249(4). Thus, for any personal injury action not falling

11

into the categories listed in VA. CODE ANN. § 8.01-249(4), the statute of limitations is triggered at the time "plaintiff was hurt." See, e.g., Lo v. Burke, 455 S.E.2d 9, 12-13 (Va. 1995) (applying the Locke test to determine when the statute of limitations was triggered in a medical malpractice case). However, in actions for asbestos-related diseases, the statute of limitations is not triggered until the time that a physician informs the plaintiff that he or she has an asbestos-related disease. VA. CODE ANN. § 8.01-249(4).

Plaintiff's second argument essentially appeals for a change in Virginia law. While this Court recognizes that the application of the indivisible cause of action theory may lead to a harsh result in some cases,[5] and that the modern trend is to recognize the separate disease rule,[6] for reasons grounded in federalism and comity, this Court will not presume to undertake the role of the Supreme Court of Virginia or Virginia General Assembly by changing the direction of substantive Virginia law.

---

[5]    See Joyce, 591 F. Supp. at 454; see also, Joyce, 785 F.2d at 1209 (Swygert, J., dissenting).

[6]    See Abrams v. Pneumo Abex Corp., 981 A.2d 198, 208 (Pa. 2009); Anderson v. AC&S, Inc., 797 N.E.2d 537, 544 (Ohio Ct. App. 2003) (internal citations omitted) (noting that under the Federal Employers' Liability Act, asbestosis and mesothelioma are distinct diseases giving rise to separate causes of action); Wagner v. Apex Marine Ship Mgmt. Corp., 100 Cal. Rptr. 2d 533, 536 (Cal. Ct. App. 2000) (recognizing the separate disease rule in a claim brought under the Jones Act).

Whatever the merits of Plaintiff's position, if any, this appeal for a change must be addressed to either the political branches of Virginia or the Supreme Court of Virginia.

## IV.   CONCLUSION

Defendants' Motions to Dismiss will be granted since Virginia adheres to the indivisible cause of action theory and the statute of limitations for all asbestos-related claims begins to run on the initial date of diagnosis by a physician of any asbestos-related disease.  The statute of limitations began to run for all of Plaintiff's asbestos-related claims at least by the time Mr. Kiser was diagnosed with asbestosis in 1988. Accordingly, Plaintiff's claims stemming from Mr. Kiser's 2009 mesothelioma diagnosis are barred by the statute of limitations.

An appropriate order follows.